UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BRYANT,<br><br>             Plaintiff,<br><br>   v.<br><br>SHASTA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>             Defendants. | No.  2:16-cv-2147 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the filing fee and has consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

1

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

After having conducted the required screening of plaintiff's complaint, the court finds that the allegations contained therein are sufficient for plaintiff to proceed on a claim arising under the Fourteenth Amendment for excessive force against defendant Clark.[1] Accordingly, the Clerk of the Court will be directed to issue a summons to plaintiff for purposes of service of process. See Federal Rule of Civil Procedure 4. Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date of this order.

With respect to the other claims and defendants identified by plaintiff in his complaint, the complaint fails to state a claim upon which relief can be granted. Of note, plaintiff identifies several claims arising under California law, but plaintiff has failed to plead facts demonstrating or excusing compliance with the California Government Claims Act, Cal. Gov. Code § 900 et seq., as he generally must do to state a claim arising under California law against a public employee. State v. Superior Court (Bode), 32 Cal.4th 1234, 1239 (Cal. 2004). In his complaint, plaintiff asserts:

/////

---

[1] It appears plaintiff was a pretrial detainee at the time he sustained the injuries which form the basis of his excessive force claim against defendant Clark as plaintiff was housed at the Shasta County Jail when those injuries occurred, and plaintiff subsequently served a term in the California Department of Corrections and Rehabilitation from which plaintiff has now been released. ECF No. 6. Therefore, his claim for excessive force arises under the Fourteenth Amendment and not the Eighth Amendment. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475 (2015). If plaintiff was not a pretrial detainee at the time he was injured, but was in fact serving a sentence imposed by Shasta County or some other state court, plaintiff should seek leave to file an amended complaint.

> For State causes of action related to federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

Compl. at 2. This is not sufficient. As indicated above, plaintiff must plead facts demonstrating or excusing compliance with the California Government Claims Act with respect to any claim arising under state law, not simply make a conclusory statement regarding compliance with an "administrative claim requirement."

Also, plaintiff fails to present facts stating a claim for false imprisonment against defendant Clark as alleged in plaintiff's "fourth cause of action." Plaintiff was already imprisoned when he sustained the injuries alleged and plaintiff fails to plead facts suggesting defendant Clark took any action resulting in any additional and unlawful "imprisonment."

Finally, as to plaintiff's "ninth cause of action" plaintiff fails to identify any specific facts suggesting that either Shasta County, or the Shasta County Sheriff's Department, are directly (rather than vicariously) liable in any respect for the injuries allegedly suffered by plaintiff.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send plaintiff one summons, for defendant Clark. The Clerk shall also send plaintiff a copy of the form "Consent to Proceed Before United States Magistrate Judge."

2. Plaintiff shall complete service of process on defendant Clark within sixty days. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on defendant Clark at the time the summons and complaint are served. Defendant Clark is informed that he may consent to have this case tried by a United States Magistrate Judge while preserving his right to appeal to the Circuit Court of Appeals.

3. Defendant Clark shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

---

[2] Plaintiff is free to seek leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure to the extent he believes the deficiencies described in his pleadings can be cured and to the extent granting leave to amend is authorized under the rule.

4. All defendants other than defendant Clark and all claims other than plaintiff's excessive force claim against defendant Clark arising under the Fourteenth Amendment are dismissed.

Dated: January 5, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brya2147.8